UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Raphael Mendez,

    Plaintiff,

       v.                               **ORDER**
                                        Civil No. 16-2644 ADM/BRT

Officer T. Dole, Lt. Sladek, J. Petersen,
Dr. Gabel, Unknown Unit Discipline Committee
(UDC) Members, Unknown Discipline Hearing Officer
(DHO) Members, and Warden L. LaRiva,

    Defendants.

_____

Raphael Mendez, pro se.

Erin M. Secord, Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Defendants.

_____

On August 25, 2016, pro se Plaintiff Raphael Mendez ("Mendez") filed this 42 U.S.C. § 1983 Amended Complaint [Docket No. 6], asserting claims against employees of the Federal Medical Center in Rochester, Minnesota. Mendez's claims stem from a July 25, 2016 email he wrote to his brother, which Defendant Officer T. Dole viewed as threatening towards Mendez's workshop supervisor. See Compl. [Docket No. 1] Ex. 1 at 2–3. As a result, Mendez was confined in a special housing unit. Mendez alleges that his seclusion in the special housing unit was racially motivated and improper, and that his personal property was stolen while he was confined.

All Defendants were served with the Amended Complaint on December 14, 2016, with the exception of Defendant Officer J. Petersen, who was unable to be served without a full first name. On January 9, 2017, Magistrate Judge Becky R. Thorson ordered that Mendez must

submit a new USM-285 Form[1] bearing Officer J. Petersen's full name within 30 days or Judge Thorson would recommend dismissal of claims against Officer J. Petersen for failure to prosecute. See Order [Docket No. 21]. Mendez's Objection [Docket No. 31] to the January 9, 2017 Order was overruled, but Mendez was nevertheless given until March 30, 2017 to provide the full name of Defendant Officer J. Petersen. See Order [Docket No. 34].

Mendez seeks to hold the March 30, 2017 deadline to fully name Defendant Officer J. Petersen in abeyance [Docket No. 36] pending his Petition for Interlocutory Appeal [Docket No. 37]. Mendez has also applied to proceed *In Forma Pauperis* on Appeal [Docket No. 38].

Section 1292(b) creates a narrow exception to the final judgment rule and allows district courts to certify orders for interlocutory appeal if certain criteria are satisfied and the district court determines that certification is appropriate. See 28 U.S.C. § 1292(b); see also TCF Banking & Sav. F.A. v. Arthur Young & Co., 697 F. Supp. 362, 366 (8th Cir. 1988). Section 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). It has long been the policy of the courts to "discourage piece-meal appeals because most often such appeals result in additional burdens on both the court and the litigants. Permission to allow interlocutory appeals should thus be granted sparingly and with discrimination." Union Cty, Iowa v. Piper Jaffray & Co., Inc., 525 F.3d 643, 646 (8th Cir. 2008) (quoting White v. Nix, 43 F.3d 374, 376 (8th Cir. 1994)).

---

[1] Form USM-285 is used by the United States Marshal for service of process.

This case does not involve a controlling question of law as to which there is substantial ground for difference of opinion.  It is the responsibility of pro se plaintiffs proceeding *in forma pauperis* in a § 1983 action to provide the full name and a valid service address for each defendant.  Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir. 1993).  Litigants are commonly directed to provide the proper identifying information for each defendant to be sued or claims against those defendants will be dismissed for lack of service.  See, e.g., Krepps v. Ballwin, No. 09-074, 2009 WL 2710106, at *2 (E.D. Ark. Aug. 26, 2009); Beck v. Nutakor, No. 04-686, 2008 WL 512706, at *3 (D. Minn. Feb. 25, 2008).  Further, permitting this interlocutory appeal would not materially advance the ultimate termination of litigation.

Since the March 30, 2017 deadline passed while these Motions were pending, the deadline to provide the full name of Defendant Officer J. Petersen will be extended to June 16, 2017.  If the full name is not provided at that time, Officer J. Peterson will be dismissed without prejudice for failure to prosecute.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff Raphael Mendez's Motion to Hold Extended Deadline in Abeyance [Docket No. 36], Petition for Interlocutory Appeal [Docket No. 37], and Application to Proceed In Forma Pauperis on Appeal [Docket No. 38] are **DENIED**.

                                                     BY THE COURT:

                                                     s/Ann D. Montgomery
                                                     ANN D. MONTGOMERY
                                                     U.S. DISTRICT JUDGE

Dated:  May 26, 2017.