UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Raphael Mendez,

    Plaintiff,

v.

Officer T. Dole, Lt. Sladek, Dr. Gabel,
Unknown Unit Discipline Committee
(UDC) Members, Unknown Discipline
Hearing Officer (DHO) Members, Warden
L. LaRiva, J. Petersen,

    Defendants.

MEMORANDUM OPINION
AND ORDER
Civil No. 16-2644 ADM/BRT

_____

Raphael Mendez, Pro se.

Erin M. Secord, Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Defendants.

_____

## I. INTRODUCTION

This matter before the undersigned United States District Judge for a ruling on Plaintiff Raphael Mendez's ("Mendez") Objection [Docket No. 45] to Magistrate Judge Becky R. Thorson's June 26, 2017 Report and Recommendation [Docket No. 44] ("R&R"). Mendez objects to Judge Thorson's recommendation to grant Defendants Officer T. Dole, Lt. Sladek, Dr. Gabel, Unknown Discipline Committee (UDC) Members, Unknown Discipline Hearing Officer (DHO) Members, and Warden L. LaRiva's (collectively, "Defendants"[1]) Motion to Dismiss or Motion for Summary Judgment [Docket No. 23]. For the reasons set forth below, Mendez's

---

[1] This Motion does not include Defendant J. Petersen, whose full name was only recently identified to permit service by the U.S. Marshals. See R&R at 1–2 n.2. On August 17, 2017, the Summons [Docket No. 49] for Officer Joe Petersen was returned executed.

Objection is overruled, the R&R is adopted, and the Motion is granted.

## II. BACKGROUND

The complete background of this dispute is fully set forth in the R&R and is incorporated by reference. Briefly, Mendez, a civil commitment detainee at the Federal Medical Center ("FMC") in Rochester, Minnesota, alleges that on July 25, 2016, he was placed in the Segregated Housing Unit ("SHU") after Defendant Officer Olson determined that Mendez had written a threatening email directed towards his workshop supervisor, Mr. Jacobson. Defendant Dr. Gabel, FMC Rochester's Chief Psychologist, interviewed Mendez and concluded that Mendez was not responsible for his threatening email because of his delusional beliefs. The Discipline Hearing Officer ("DHO") concurred with Dr. Gabel's recommendation, and Mendez was released from the SHU on August 1, 2016.

On September 19, 2016, Mendez submitted an administrative claim under 31 U.S.C. § 3723(a)(1) for items he alleges were stolen from him while he was in the SHU. Mendez claimed he lost personal property valued at $203.75 and legal documents valued at $9,796.25. This claim was reviewed and denied.

On August 5, 2016, Mendez filed suit under 42 U.S.C. § 1983, seeking monetary compensation and a transfer to FMC Butner, an institution in North Carolina. On January 31, 2017, Defendants filed their Motion to Dismiss or Motion for Summary Judgment.

In the R&R, Judge Thorson concluded that Mendez's claims are barred by sovereign immunity. Even if sovereign immunity did not apply, Judge Thorson determined that Mendez's confinement in the SHU was not a due process violation, and that his allegation concerning his lost property also did not rise to an actionable claim. Mendez objects.

2

## III. DISCUSSION

### A. Standard of Review

The standard of review of a magistrate judge's order on a dispositive issue is *de novo*. See 28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.2. "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." D. Minn L.R. 72.2(b).

### B. Mendez's Objection

Mendez's Objection and Reply [Docket No. 48] appear to raise five arguments challenging Judge Thorson's R&R. Mendez's arguments, however, do not directly address the reasoning or conclusions in the R&R. Instead, Mendez appears to argue that 1) Judge Thorson misconstrued his claims; 2) Defendants failed to follow Bureau of Prisons ("BOP") procedure; 3) Judge Thorson should have reviewed the email and decided whether it was threatening; 4) his criminal history in the United States District Court for the Virgin Islands was misrepresented; and 5) his current confinement is illegal.

Although Mendez's Complaint and Amended Complaint are difficult to parse, Judge Thorson properly construed Mendez's pleadings liberally and addressed all claims that Mendez appeared to raise. This objection to the R&R is overruled.

As to Mendez's second argument, the R&R explains the BOP's disciplinary procedure and shows that it was properly followed. Mendez received a copy of the incident report stating that the email he wrote regarding Mr. Jacobson was threatening, was informed of his rights during the disciplinary process, and, since he is civilly committed under § 4246, Mendez was referred to a psychologist who later concluded that he should not be held responsible for writing

the email. Stolarzyk Decl. [Docket No. 26] ¶¶ 10–15. That conclusion was conveyed to the Disciplinary Hearing Officer ("DHO") who concurred with the psychologist's recommendation. Id. ¶ 13. No sanction against Mendez was issued, and he was released from the SHU that same day. Id.; Compl. 2, 4–5. The process was followed correctly.

Mendez appears to also claim that Judge Thorson should have independently determined whether his email about Mr. Jacobson was threatening. This is outside the scope of Judge Thorson's role in this matter. Moreover, the record does not reflect that Mendez challenged Officer Dolan's initial assessment through the Administrative Remedy Program, 28 CFR Part 542, Subpart B. Additionally, the DHO, the person responsible for determining whether the prohibited act in question did or did not occur, agreed that Mendez should not be responsible for the email and recommended against imposing any sanction. This ground of Mendez's Objection is also overruled.

Mendez's final two arguments concern matters that are outside the scope of his Amended Complaint. The factual recitation of Mendez's criminal history in the U.S. Virgin Islands is not relevant to the due process claims he presents. Similarly, the propriety of his confinement is not encompassed by this lawsuit. Accordingly, Mendez's arguments do not contest the reasoning or conclusion of the R&R.

## C. The R&R

After a thorough *de novo* review of the R&R, Judge Thorson's conclusions are supported by the record and Eighth Circuit law. Judge Thorson correctly construed Mendez's claims as being official capacity claims that are barred by sovereign immunity. See Egerdahl v. Hibbing Cmty. Coll., 72 F.3d 615, 619 (8th Cir. 1995) ("If a plaintiff's complaint is silent about the

capacity in which [he] is suing the defendant, we interpret the complaint as including only official-capacity claims."); Searcy v. Donelson, 204 F.3d 797, 798 (8th Cir. 2000) ("[C]omplaint against government official in official capacity is suit against United States; Bivens action cannot be prosecuted against United States because of sovereign immunity.").

Judge Thorson is also correct to conclude that Mendez's claims fail on the merits. Mendez's six days of confinement in the SHU does not present a due process violation, and Mendez's claims surrounding his lost property are similarly deficient since the administrative claim Mendez pursued is an adequate post-deprivation remedy. See Bandy-Bey v. Crist, 578 F.3d 763, 767 (8th Cir. 2009) (noting that 25 days of disciplinary segregation "do not offend a protected liberty interest"); Jones v. Roy, 449 F. App'x 526, 527 (8th Cir. 2011) (noting that no due process claim is available when there is an adequate post-deprivation remedy).

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff Raphael Mendez's Objection [Docket No. 45] is **OVERRULED**;

2. Magistrate Judge Becky R. Thorson's Report and Recommendation [Docket No. 44] is **ADOPTED**;

3. Defendants' Motion to Dismiss or Motion for Summary Judgment [Docket No. 23] is **GRANTED**.

BY THE COURT:


　　s/Ann D. Montgomery　　
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  August 29, 2017.