UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Raphael Mendez,

      Plaintiff,

v.

Officer Joseph Peterson,

      Defendant.

MEMORANDUM OPINION
AND ORDER
Civil No. 16-2644 ADM/BRT

Raphael Mendez, pro se.

Erin M. Secord, Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Defendants.

## I. INTRODUCTION

This matter before the undersigned United States District Judge for a ruling on Plaintiff Raphael Mendez's ("Mendez") Objection [Docket No. 82] to Magistrate Judge Becky R. Thorson's January 23, 2018 Report and Recommendation [Docket No. 81] ("R&R"). In the R&R, Judge Thorson recommends granting Defendant Officer Joseph Peterson's ("Officer Peterson") Motion to Dismiss or for Summary Judgment [Docket No. 66]. For the reasons set forth below, Mendez's Objection is overruled, the R&R is adopted, and Officer Peterson's Motion to Dismiss or for Summary Judgment is granted.

## II. BACKGROUND

Mendez is currently incarcerated at the Federal Medical Center in Rochester, Minnesota ("FMC Rochester"). See Mendez v. Dole, Civ. No. 16-2644, 2017 WL 3730995, at *1 (D. Minn. Aug. 29, 2017). Mendez was indicted in the U.S. Virgin Islands in 1990 for assault, possession of an unlicensed firearm during the commission of a violent crime, and possession of

a firearm by a felon. See Mendez v. Bureau of Prisons, No. 08-4971, 2009 WL 3856925, at *1 (D. Minn. Nov. 17, 2009). After he was determined to be incompetent to stand trial, Mendez was transferred to FMC Butner, North Carolina for a period of restoration under 18 U.S.C. § 4246. Id. Mendez was unable to be restored to competency, and in 1991 he was civilly committed in the Eastern District of North Carolina. Id.

On August 5, 2016, Mendez filed this 42 U.S.C. § 1983 suit against known and unknown individuals employed at FMC Rochester stemming from his July 25, 2016 placement in the Segregated Housing Unit ("SHU"). See Compl. [Docket No. 1]; Am. Compl. [Docket No. 6]. Mendez seeks monetary compensation and a transfer to FMC Butner. Id.

On January 31, 2017, all defendants except Officer Peterson filed a Motion to Dismiss or for Summary Judgment [Docket No. 23]. At that time, Officer Peterson had not been served because Mendez did not include Officer Peterson's full name in the Complaint [Docket No. 1] or Amended Complaint [Docket No. 6]. On August 29, 2017, the Motion to Dismiss or for Summary Judgment as to all other defendants was granted. See Mem. Op. Order [Docket No. 50].

On August 11, 2017, Officer Peterson was properly served, and this Motion to Dismiss was filed on October 6, 2017.

**A.  The Bureau of Prisons' Inmate Discipline Program**

A comprehensive analysis of the Bureau of Prisons' ("BOP") Inmate Discipline Program is set forth in the R&R and is incorporated by reference. See R&R 2–4. Put simply, the BOP may impose sanctions on inmates who commit "prohibited acts." 28 C.F.R. § 541.1. When BOP staff witness or reasonably believe an inmate has committed a prohibited act, an incident report

2

is created and a BOP staff member investigates the incident.  Id. §§ 541.5(a), (b).  After the investigation is complete, a Unit Discipline Committee ("UDC") reviews the incident report, and then determines whether the inmate did or did not commit the prohibited act.  Id. § 541.7(a).  The UDC may refer the matter to the Discipline Hearing Officer ("DHO") for further review, which may include a hearing and the opportunity to present evidence and call witnesses.  Id. §§ 541.7, (a), (g); § 541.8.

During the disciplinary process, if it appears that the inmate is mentally ill, the inmate will be examined to determine whether the inmate is responsible for his or her conduct.  Id. § 541.6.  Typically, there is no hearing if the inmate is found not competent or not responsible for their conduct.  Stolarzyk Decl. [Docket No. 26] ¶ 6.

### B. Mendez Sends Allegedly Threatening Email

On July 25, 2016, Mendez was placed in the SHU after he wrote an email to his brother about his workshop supervisor, Mr. Jacobson.  Compl. [Docket No. 1] 1–2. Officer Dolan, who was monitoring inmates' communications, viewed the email as threatening towards Mr. Jacobson.  Id. at 3–4, Ex. 1; Am. Compl. 3.

Because Mendez is civilly committed under 18 U.S.C. § 4246, he was routinely evaluated for his competency and responsibility.  Stolarzyk Decl. ¶ 26, Ex. E.  FMC Rochester's Chief Psychologist, Dr. Gabel, interviewed Mendez and concluded that he was not responsible by reason of mental illness for writing the threatening email.  Id.

On July 28, 2016, the UDC recommended to the DHO that Mendez be found not responsible for his conduct based on the psychology evaluation.  Id. ¶ 13, Ex. D at 1–2.  The DHO concurred with the recommendation, which was noted on his disciplinary record, and

3

Mendez was released from the SHU on August 1, 2016.  Id. ¶ 14, Ex. C at 1; Compl. 2, 4–5.

### C.  Claim Against Officer Peterson

Mendez alleges that Officer Peterson stole his personal belongings while he was in the SHU.  Am. Compl. 3–4.  The allegedly stolen items include electronics, clothing, jewelry, stationery and books, and legal documents.  Compl. Ex. 1 at 6; Bush Decl. [Docket No. 27] Ex. B.  Mendez values his personal property at $203.75 and his legal documents at $9,796.25.  Bush Decl. Ex. B.

On September 19, 2016, Mendez submitted an administrative claim under 31 U.S.C. § 3723 (a)(1) for the allegedly stolen items.  Id. ¶¶ 5–6, Ex. A.  Mendez's claim was reviewed and denied.  Id. ¶¶ 6–7, Exs. B, C.

### D.  The R&R

In the R&R, Judge Thorson concluded that Mendez's claims are barred by sovereign immunity.  Judge Thorson also determined that even if sovereign immunity did not apply, Mendez's confinement in the SHU was not a due process violation, and his allegation concerning his lost property did not rise to an actionable claim.

### E.  Mendez's Objection

On February 5, 2018, Mendez filed an Objection to the R&R, to which the Government Responded [Docket No. 83].  On February 26, 2018, Mendez filed a Reply [Docket No. 84] to the Government's Response.

In his Objection and Reply, Mendez argues that the R&R should not be adopted because: 1) Judge Thorson is not an impartial decisionmaker; 2) the R&R erroneously states that he was charged by Indictment when he was actually charged by Information; 3) Dr. Gabel made

incorrect comments on Mendez's mental health; 4) Mendez's time in the SHU constituted false imprisonment; and 5) the email that he wrote was not threatening.  Finally, Mendez cites case law that he argues supports sustaining his Objection.

### III.  DISCUSSION

#### A.  Standard of Review

The standard of review of a magistrate judge's order on a dispositive issue is *de novo*. See 28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.2.  "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  D. Minn L.R. 72.2(b).

#### B.  Mendez's Objection

Mendez's Objection does not address the R&R's reasoning or conclusion with respect to sovereign immunity.  After a *de novo* review, the Court reaches the same conclusion as Judge Thorson, that Mendez's claims are barred by sovereign immunity.

Even if sovereign immunity does not apply, Judge Thorson correctly reasoned that Mendez's claims are legally deficient, and his objections to the contrary are not persuasive. First, Mendez's argument challenging Judge Thorson's impartiality lacks merit.  A judge has a duty to decide the cases and controversies that come before them unless the judge's impartiality, viewed objectively, might reasonably be questioned.  See Jeep v. Gov't of United States, No. 16-810, 2016 WL 10636356, at *1 (E.D. Mo. Nov. 7, 2016) (citing cases).  Mendez does not offer any evidence that would convince a reasonable person to question Judge Thorson's impartiality. Mendez's Objection on this ground is overruled.

Second, whether Mendez was charged by Information or Indictment is irrelevant to the

claim Mendez alleges in this lawsuit. Although the R&R may have misstated that Mendez was indicted, this error has no effect on whether his due process rights were violated.

Similarly, Mendez's issues with Dr. Gabel are unrelated to the single remaining defendant, Officer Peterson. Claims against Dr. Gabel have already been litigated and dismissed, and Mendez cannot use this Objection as a way to revive those claims. See Mem. Op. Order [Docket No. 50]; Mendez v. Dole, 2017 WL 3730995.

Mendez's Objection discussing false imprisonment also does not address Officer Peterson and is overruled. The remaining claim in this lawsuit is an allegation that Officer Peterson violated Mendez's due process rights when Mendez's property was allegedly stolen while he was in the SHU. Mendez's challenges to his general confinement, civil commitment, mental health diagnosis, and medication, have already been adjudicated. See Mendez v. Bureau of Prisons, 2009 WL 3856925.

Mendez's argument that the email he sent was not threatening—interpreted as a challenge to his confinement in the SHU—also lacks merit. Although the Supreme Court has held that the Due Process Clause protects against conditions of confinement that "impose [] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life[,]" the Eighth Circuit has stated that "demotion to segregation, even without cause, is not itself atypical and significant hardship." Sandin v. Conner, 515 U.S. 472, 484 (1995); Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003). Six days in segregated housing does not constitute atypical and significant hardship. Orr v. Larkins, 610 F.3d 1032, 1034 (8th Cir. 2010).

The cases cited by Mendez have no bearing on this case. Mookini v. United States, 303 U.S. 201 (1938), and Parrott v. Gov't of the Virgin Islands, 230 F.3d 615 (3d Cir. 2000), involve

jurisdictional and statutory matters that are irrelevant to the due process claim raised in this lawsuit.  Neitzke v. Williams, 490 U.S. 319 (1989), also does not aid Mendez because it addresses the legal standard for dismissing cases under Federal Rule of Civil Procedure 12 and 28 U.S.C. § 1915, the rule for proceeding *in forma pauperis*.  This case is at the Rule 56 stage,[1] and Mendez has been granted permission to proceed without prepaying fees or costs.  See Order [Docket No. 7] (granting Mendez's application to proceed without prepaying fees or costs).  Last, Mendez v. FCI Butner, 953 F.2d 638 (4th Cir. 1992), and Zinermon v. Burch, 494 U.S. 113 (1990) provide not support for the due process claim alleged against Officer Peterson.

Finally, although not objected to by Mendez, the R&R properly concluded that Mendez did not state a due process violation for his allegedly stolen property.  The administrative claim Mendez filed under 31 U.S.C. § 3723(a)(1) is an adequate post-deprivation remedy, and the agency's decision with respect to a claim under § 3723 is not subject to judicial review.  McDowell v. Jones, 990 F.2d 433, 434 (8th Cir. 1993).; Edkins v. United States, No. 13-14421, 2015 WL 871587, at *14 n.4 (E.D. Mich. Feb. 27, 2015).

---

[1] Judge Thorson considered facts outside the pleadings and property construed the present motion as one for summary judgment. R&R at 2 n.2.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff Raphael Mendez's Objection [Docket No. 82] is **OVERRULED**;

2. Magistrate Judge Becky R. Thorson's Report and Recommendation [Docket No. 81] is **ADOPTED**;

3. Defendant Officer Joseph Peterson's Motion to Dismiss or Motion for Summary Judgment [Docket No. 66] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

BY THE COURT:


　　　s/Ann D. Montgomery　　　
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  May 14, 2018.